

U.S. Department of Justice

**Leah B. Foley**
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

May 16, 2025

Attorney Kevin Barron
5 Lexington Street, Unit 3
Charlestown, MA 02129

    Re:    United States v. Michael Miliano
             Criminal No. 25-10058-NMG

Dear Attorney Barron:

    The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Michael Miliano ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

    1.    <u>Change of Plea</u>

    Defendant will plead guilty to Count One of the Indictment, which charges the Defendant with Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d).

    Defendant admits that he committed the crime charged in Count One of the Indictment and that he is in fact guilty of the offense. Defendant admits that he participated in the charged racketeering conspiracy, and that he did so knowingly, willfully, and intentionally.

    Defendant further admits that as part of his participation in the charged racketeering conspiracy, Defendant participated in the murder of two individuals as alleged in the Information. Specifically, on or about September 2, 2023, Defendant participated in the murder of Jandriel Heredia and the murder of Abraham Diaz, unlawfully with malice aforethought, and aided and abetted the same, in violation of Mass. Gen. Laws c. 265, § 1, and c. 274, §§ 2 & 3.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties: incarceration for up to life in prison; supervised release for up to five years; a fine of up to $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent alleged in the Information.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.  Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.  Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is at least 42. Based upon grouping principals in USSG § 3D1.2, the following incidents are not closely related and form separate Groups: the September 2, 2023, murder of Jandriel Heredia (Group One); and the September 2, 2023, murder of Abraham Diaz (Group Two); and the August 27, 2023, assault with intent murder rival gang members (Group Three). *See* USSG § 2E1.1(a)(2) & n.1, 3D1.2 ("Specifically excluded from the operation of this subsection are … all offenses in Chapter Two, Part A").

### A. Group One, Murder of Jandriel Heredia, September 2, 2023

a) Defendant's base offense level is 43, because his underlying racketeering activity involved his participation in a first-degree murder, specifically, the murder of Jandriel Heredia on or about September 2, 2023 (USSG §§ 2E1.1(a)(2) and 2A1.1(a)).

### B. Group Two, Murder of Abraham Diaz, September 2, 2023

a) Defendant's base offense level for Group Two is 43, because his underlying racketeering activity involved his participation in a first-degree murder, specifically, the murder of Abraham Diaz on or about September 2, 2023 (USSG §§ 2E1.1(a)(2) and 2A1.1(a)).

### C. Group Three, Assault with Intent to Murder, August 27, 2023, Lynn, MA

a) Defendant's base offense level for Group Three is 33, because the underlying racketeering activity involved participation in an attempted first-degree murder, specifically, the attempted murder of rival gang members

2

on August 27, 2023, in Lynn, MA (USSG §§ 2E1.1(a)(2) and 2A2.1(a)).

### D. Grouping

Based upon grouping principals, Group One comprises one Unit and Group Two comprises one Unit. *See* USSG § 3D1.4(a). Group Three does not comprise any Unit because it is more than 9 offense levels less than Group One. See USSG § 3D1.4(c). Therefore, the Defendant's offense level is increased by 2, under USSG § 3D1.4, for an adjusted offense level of 45.

### E. Acceptance of Responsibility

Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Sentence Recommendation</u>

The parties agree on the following sentence:

    a) incarceration for a period not greater than 300 months;

    b) no fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) forfeiture as set forth in Paragraph 7.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or

collection by the United States.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge any prison sentence of 300 months [25 years] or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the Acting U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

      If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Philip A. Mallard.

                Sincerely,

                LEAH B. FOLEY
                United States Attorney

By:   */s/ Timothy E. Moran*
      Timothy E. Moran
      Chief, Organized Crime Gang Unit
      Philip Cheng
      Deputy Chief, Organized Crime Gang Unit


      */s/ Philip A. Mallard*
      Philip A. Mallard
      Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case from the United States.

I understand the crimes I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
MICHAEL MILIANO
Defendant

Date:  6/23/25

I certify that the Defendant, MICHAEL MILIANO, has had this Plea Agreement read to Defendant in Defendant's native language and that we have discussed what it means. I believe MICHAEL MILIANO understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Attorney Kevin Barron
Counsel for Defendant

Date:  6/23/25