UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAULA-CABRAL, ET.AL.<br><br>  Defendants. | Docket No. 25-CR-10058-NMG |
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELVIS TRUJILLO,<br>  A/K/A "GORDO", A/K/A "HONDURAS"<br><br>  Defendant. | Docket No. 24-CR-10336-NMG |
| UNITED STATES OF AMERICA<br><br>v.<br><br>YEFERSON VALLECILLO CAMBAR,<br>  A/K/A "ILLUMINATI"<br><br>  Defendant. | Docket No. 24-CR-10335-NMG |

**JOINT FINAL STATUS REPORT**

Pursuant to Local Rule 116.5(c), the parties hereby file the following initial status report prepared in connection with the final status conferences in the above-captioned cases scheduled for December 16, 2025:

The parties (to the extent noted in Section (3)(A), below), request that the Court cancel the status conference scheduled for December 16, 2025, and schedule a further final status in 90 days.

**(1) whether the defendant requests that the case be transferred to the district judge for a Rule 11 hearing;**

**(2) whether, alternatively, the parties move for a pretrial conference before the district judge in order to resolve pretrial motions (if any) and schedule a trial date and, if so:**

Defense Counsel for PAULA-CABRAL, JORDANI, SANTOS, DARWIN BATISTA, ROMAN, LUIS ENRIQUE SANTANA, ALBA, LANTIGUA, ISRAEL VASQUEZ GARCIA, LUIS JEFFREY SANTANA, request that the case not be transferred to the District Judge. These Defendants, and the government request that the Court cancel the scheduled Status Conference and schedule a further final status conference in approximately 90 days.

The government also reports that recent attorney changes and motions to withdraw counsel have been filed and are pending. These matters have affected the ability of Defense Counsel to conference the matter and review discovery.

Additionally, Counsel for PAULA-CABRAL states that certain Defendants are subject to Death Penalty review under the Justice Manual because they arguably could be charged, with an offense subject to the death penalty and Learned Counsel has been appointed to these Defendants for that purpose. At this point the Department of Justice has not notified at least Defendant Paula-Cabral about any decision made as to that process. Further time is necessary for this issue to be resolved.

**(A)     whether the parties have produced all discovery they intend to produce and, if not, the identity of any additional discovery and its expected production date;**

The government made three substantial discovery productions to the Coordinating Discovery Attorney ("CDA") consisting of well over 40,000 files. Productions were sent on March 18, 2025, March 25, 2025, and April 7, 2025.

To date, the government has produced:

- Production 01: USAO-PROD-00000001 to USAO-PROD-00028581;
- Production 02: USAO-PROD-00028582 to USAO-PROD-00040165; and
- Large File Production 01: USAO-LARGEFILE-000001 to USAO-LARGEFILE-000159 (largely consisting of cell phone extractions, and digital data derived from remote accounts).

Certain Defendants also received defendant-specific disclosures in anticipation of detention hearings, and for individual conferences and discussions.

The government anticipates producing additional discovery materials that have been recently received. Those materials are in the process of being redacted and prepared for distribution to the Coordinating Discovery Attorney.

*Materials Subject to the Protective Order*

On the government's motion (ECF #152), and after opposition (ECF #153) and argument (ECF #165), this Court entered a Protective Order in the case on June 23, 2025 (ECF #170), and an Amended Protective Order on July 1, 2025 (ECF #187).

The government has made extensive early and voluntary disclosure of materials related to cooperating witness statements and other materials subject to the Protective Order that has been entered in this case (the so-called "Protected Materials"). The Protected Materials have not been produced to the Coordinating Discovery Attorney for distribution to defense counsel. Rather, the Protected Materials have been individually watermarked for each defendant and produced directly to defense counsel.

To date, the government has produced the following items subject to the Protective Order:

- USAO-PO-000000 to USAO-PO-007557;
- USAO-PROD-00061937 to USAO-PROD-00063897.

To date, the government has received signed Protective Order Agreements from the following defense counsel: (1) PAULA-CABRAL, (2) JORDANI ROSARIO, (3) SANTOS, (6) DARWIN BATISTA, (7) LIRANZO ROMAN, (9) LANTIGUA, (10) LUIS ENRIQUE SANTANA, AND (12) ISRAEL GARCIA VASQUEZ, (1) YEFERSON VALLECILLO CAMBAR, and (1) ELVIS TRUJILLO.

The government has produced Protective Order Materials to Defense Counsel for (1) PAULA-CABRAL, (2) JORDANI ROSARIO, (3) SANTOS, (6) BATISTA, (7) LIRANZO ROMAN, (9) LANTIGUA, (10) LUIS ENRIQUE SANTANA, (12) ISRAEL GARCIA VASQUEZ, (1) YEFERSON VALLECILLO CAMBAR, (1) ELVIS TRUJILLO. These individual productions of watermarked materials (with each defendant name individualized for the productions) were made after August 5, 2025, as the government received signed Protective Order Agreements.

The government has produced the Protected Materials as follows:

(1) PAULA-CABRAL, on August 8, 2025, and October 21, 2025;

(2) JORDANI ROSARIO, on September 26, 2025, and October 21, 2025;

(3) ANGEL SANTOS, on October 17, 2025, and October 21, 2025;

(6) DARWIN BATISTA, on August 15, 2025, and October 21, 2025;

(7) LIRANZO ROMAN, on August 8, 2025, and October 21, 2025;

(9) LANTIGUA, on August 15, 2025, and October 21, 2025;

(10) LUIS ENRIQUE SANTANA, on August 15 ,2025, and October 21, 2025;

(12) ISRAEL GARCIA VASQUEZ, on August 8, 2025, and October 21, 2025;

(1) YEFERSON VALLECILLO CAMBAR, on October 29, 2025; and

(1) ELVIS TRUJILLO, on October 29, 2025.

The government has not received signed Protective Order Agreements from counsel for the following defendants: (5) ALBA, (11) LUIS JEFFREY SANTANA, and (14) JANOY BATISTA. Therefore, the government has not yet produced the Protected Materials to these defendants.

*Future Productions*

The government is preparing materials for production to the Coordinating Discovery Attorney. The request has been made to the Litigation Technology Support Center (LTSC) for production of the materials in the manner preferred by the Coordinating Discovery Attorney.

Additionally, the government expects to voluntarily disclose additional materials under the Protective Order shortly after the holiday. The government reports that some of these additional materials relate to new cooperating witnesses that are to be disclosed.

Lastly, the government previously provided a laptop to the detention facility that contains the discovery materials (specifically those not subject to the Protective Order). The laptop was provided in approximately July of 2025.

As noted in a recent filing (ECF #274), the government anticipates retrieving the laptop shortly after the holidays and updating the laptop with new discovery materials and the Protective Order materials.

> **(B) whether all discovery requests and motions have been made and resolved and, if not, the nature of the outstanding requests or motions and the date they are expected to be resolved;**

There are no pending discovery requests.

The Defendants have not yet determined whether they will make any additional discovery requests.

> **(C) whether all motions under Fed. R. Crim. P. 12(b) have been filed and responded to and, if not, the motions that are expected to be filed and the date they will ready for resolution;**

As review of discovery is ongoing, the defendants have not yet determined whether they will file any pretrial motions.

Defendant JORDANI ROSARIO has a filed a motion related to the Protective Order (ECF #267), that the government opposed (ECF #274). This motion remains pending.

> **(D) whether the court should order any additional periods of excludable delay, the number of non-excludable days remaining, and whether any matter is currently tolling the running of the time period under the Speedy Trial Act; and**

For the *PAULA-CABRAL, ET. AL.*, case, Docket No. 25-cr-10058-NMG, the Court has excluded the time from the Defendants' initial appearances, through and including December 16, 2025 (ECF #26, 72, 78, 133, 184, 250).

For the *VALLECILLO* case, Docket No. 24-cr-10335-NMG, the Court has excluded the time from the Defendants' initial appearances, through and including December 16, 2025 (ECF #17, 20).

For the *TRUJILLO* case, Docket No. 24-cr-10336-NMG, the Court has excluded the time from the Defendants' initial appearances, through and including December 16, 2025 (ECF #17, 20).

The parties (to the extent that Defense Counsel has responded, see section 3(A) below), further agree to exclude the time from the final status conference date on December 16, 2025, through the next date scheduled by the Court.

No Defense Counsel has voiced an objection to the government on the grounds of Speedy Trial.

### (E) the estimated number of trial days;

The government notes that a trial estimate is largely dependent on which Defendants proceed to trial and which Defendants are tried together. The government estimates this to be a three-to-four-week trial, assuming half-days, for each trial group.

**(3) any other matters specific to the particular case that would assist the district judge upon transfer of the case from the magistrate judge.**

### (A) Review of the Status Report

The government reports that it sent the draft status report to the defense group on December 9, 2025. The government reports that as of the filing of this report, the government received assent to file the status report from defense counsel for**:** PAULA-CABRAL, JORDANI, SANTOS, DARWIN BATISTA, ROMAN, LUIS ENRIQUE SANTANA, ALBA, LANTIGUA, ISRAEL VASQUEZ GARCIA, LUIS JEFFREY SANTANA,

The government did not receive responses from defense counsel for: JANOY BATISTA, ELVIS TRUJILLO, or YEFERSON VALLECILLO CAMBAR.

Of note, (1) YEFERSON VALLECILLO CAMBAR has a pending motion to withdraw as counsel (ECF #25).

### (B) Expert Discovery

The Government agrees to provide any expert witness disclosures 21 days prior to trial. The Defendants agree to provide any expert witness disclosures 14 days prior to trial.

### (C) Overall Case Status

Defendant (4) AARON DIAZ LIRANZO has pleaded guilty and was sentenced on July 16, 2025, to 168 months (ECF# 193).

Defendants (8) MICHAEL MILIANO and (13) JAMES JIMENEZ are scheduled for Rule 11 hearings on December 15, 2025, and December 16, 2025.

                                        Respectfully submitted,

                                        LEAH B. FOLEY,
                                        United States Attorney

                              By: */s/ Philip A. Mallard*
                                        Philip A. Mallard
                                        Assistant U.S. Attorney

Date: December 10, 2025

## CERTIFICATE OF SERVICE

I, Philip A. Mallard, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: December 10, 2025                              */s/ Philip A. Mallard*
                                                        Philip A. Mallard
                                                        Assistant United States Attorney